# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-0763V
Originally Filed: December 11, 2018
Refiled in Redacted Form: March 8, 2019
UNPUBLISHED

| | |
|---|---|
| L.B., <br><br> Petitioner, <br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Special Processing Unit (SPU); Joint Stipulation on Damages; Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Lisa Annette Roquemore, Law Office, Rancho Santa Margarita, CA, for petitioner.*
*Sarah Christina Duncan, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION ON JOINT STIPULATION[1]

**Dorsey**, Chief Special Master:

On June 29, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act").  Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine that she received on October 28, 2013.  Petition at 2; Stipulation, filed December 11, 2018, at ¶ 4.  Petitioner further alleges that she experienced the residual effects of her injury for more than six months.  Petition at 8; Stipulation at ¶ 5.  Respondent states that "[t]here is a not a preponderance of evidence demonstrating that petitioner's condition is due to a factor unrelated to vaccination." Stipulation at ¶ 6.  The stipulation further states that "[a]ccordingly, petitioner is entitled to compensation under the terms of the Vaccine Act for her SIRVA.  Therefore, a decision should be entered awarding compensation described in paragraph 9 of this stipulation."  Stipulation at ¶ 8.

---

[1] When this decision was originally filed the undersigned advised her intent to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).   In accordance with Vaccine Rule 18(b), petitioner filed a timely motion to redact certain information.  This decision is being reissued with the requested redactions.  Except for those changes and this footnote, no other substantive changes have been made.  This decision will be posted on the court's website with no further opportunity to move for redaction.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On October 4, 2016, a ruling on entitlement was issued, finding petitioner entitled to compensation. On December 11, 2018, the parties filed the attached joint stipulation, stating that a decision should be entered awarding compensation. The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Pursuant to the terms stated in the attached Stipulation, **the undersigned awards** the following compensation:

a. **A lump sum of $534,580.99, which amount represents compensation for first year life care expenses ($15,100.54), lost earnings ($378,829.20), pain and suffering ($135,000.00) and past unreimbursable expenses ($5,651.25) in the form of a check payable to petitioner; and**

b. **An amount sufficient to purchase the annuity contract described in paragraph 11 of the attached Stipulation, paid to the life insurance company from which the annuity will be purchased.** Stipulation at ¶ 9.

These amount represents compensation for all items of damages that would be available under § 15(a). *Id*.

The undersigned approves the requested amount for petitioner's compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| I███ E███, <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | No. 16-763V <br> Chief Special Master Dorsey <br> ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

1. I███ E███ petitioner, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received the flu vaccine on or about October 28, 2013.

3. The vaccination was administered within the United States.

4. Petitioner suffered a shoulder injury related to vaccine administration ("SIRVA") and related sequelae.

5. Petitioner experienced the residual effects of her injury for more than six months.

6. There is not a preponderance of evidence demonstrating that petitioner's condition is due to a factor unrelated to vaccination.

7. Petitioner represents that there has been no prior award or settlement of a civil action

for damages on her behalf as a result of her condition.

8. Accordingly, petitioner is entitled to compensation under the terms of the Vaccine Act for her SIRVA. Therefore, a decision should be entered awarding the compensation described in paragraph 9 of this Stipulation.

9. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

   a. A lump sum of $534,580.99 which amount represents compensation for first year life care expenses ($15,100.54), lost earnings ($378,829.20), pain and suffering ($135,000.00), and past unreimbursable expenses ($5,651.25) in the form of a check payable to petitioner; and

   b. An amount sufficient to purchase the annuity contract described in paragraph 11 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

10. The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

   a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

   b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

   c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

   d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

11. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of petitioner, L⬛ B⬛ pursuant to which the Life Insurance Company will agree to make payments periodically to petitioner as follows:

a. For future unreimbursable Erickson Living Benefits Insurance maximum out-of-pocket expenses, beginning on the first anniversary of the date of judgment, an annual amount of $2,700.00 to be paid up to the anniversary of the date of judgment in year 2046, increasing at the rate of five percent (5%), compounded annually from the date of judgment.

b. For future unreimbursable Medigap C and Medicare Part D expenses, beginning on the anniversary of the date of judgment in year 2046, an annual amount of $2,039.80 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of five percent (5%), compounded annually from the date of judgment.

c. For future unreimbursable Acupuncture expenses, beginning on the first anniversary of the date of judgment, an annual amount of $704.00 to be paid up to the anniversary of the date of judgment in year 2021. Then, beginning on the anniversary of the date of judgment in year 2021, an annual amount of $140.80 to be paid up to the anniversary of the date of judgment in year 2046, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

d. For future unreimbursable Ibuprofen/Tylenol, Colace, and Tiger Balm expenses, beginning on the first anniversary of the date of judgment, an annual amount of $241.76 to be paid for the remainder of petitioner's life, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

e. For future unreimbursable Home Attendant Care expenses, beginning on the first anniversary of the date of judgment, an annual amount of $7,488.00 to be paid up to the anniversary of the date of judgment in year 2031. Then, beginning on the anniversary of the date of judgment in year 2031, an annual amount of $11,232.00 to be paid up to the anniversary of the date of judgment in year 2046. Thereafter, beginning on the anniversary of the date of judgment in year 2046, an annual amount of $14,976.00 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

f. For future unreimbursable Massage Therapy expenses, beginning on the first anniversary of the date of judgment, an annual amount of $144.00 to be paid up to the anniversary of the date of judgment in year 2044, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

g. For future unreimbursable Gym Membership expenses, beginning on the first anniversary of the date of judgment, an annual amount of $359.40 to be paid for the remainder of petitioner's life, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

h. For future unreimbursable Automatic Car Starter, Panoramic Rear View Mirror, Items for Pain Management, Adaptive Equipment, and Mileage expenses, beginning on the first anniversary of the date of judgment, an annual amount of $284.60 to be paid up to the second anniversary of the date of judgment. Then, beginning on the second anniversary

3

of the date of judgment, an annual amount of $249.75 to be paid up to the third anniversary of the date of judgment. Then, beginning on the third anniversary of the date of judgment, an annual amount of $206.84 to be paid up to the anniversary of the date of judgment in year 2046. Thereafter, beginning on the anniversary of the date of judgment in year 2046, an annual amount of $196.47 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

i. For future unreimbursable Ancillary Service expenses, beginning on the first anniversary of the date of judgment, an annual amount of $1,380.00 to be paid up to the anniversary of the date of judgment in year 2054, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

j. For future unreimbursable Ancillary Service expenses, beginning on the first anniversary of the date of judgment, an annual amount of $450.00 to be paid up to the anniversary of the date of judgment in year 2056, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

At the sole discretion of the Secretary of Health and Human Services, the periodic payments set forth in paragraph 11 above may be provided to petitioner in monthly, quarterly, annual or other installments. The "annual amounts" set forth above describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment. Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as she, L███████ is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of L███████ death.

12. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 9 herein and the amounts awarded pursuant to paragraph 13 herein, and that they do not guarantee or insure any of the

4

future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

13. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

14. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

15. Payments made pursuant to paragraph 9 and any amounts awarded pursuant to paragraph 13 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

16. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation either immediately or as part of the annuity contract, will be used solely for petitioner's benefit as contemplated by a strict construction of 42 U.S.C. §§ 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. §§ 300aa-15(g) and (h).

17. In return for the payments described in paragraphs 9 and 13, petitioner, in her individual capacity, and on behalf of her heirs, executors, administrators, successors or assigns,

5

does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccination administered on or about October 28, 2013, as alleged by petitioner in a petition for vaccine compensation filed on or about June 29, 2016, in the United States Court of Federal Claims as petition No. 16-763V.

18. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

19. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

20. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 13 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or

amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

21. Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

22. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

**END OF STIPULATION**

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

Respectfully submitted,

PETITIONER:

*[signature]*

ATTORNEY OF RECORD FOR PETITIONER:

*[signature]*

LISA A. ROQUEMORE, ESQ.
Law Office of Lisa A. Roquemore
30021 Tomas Street, Suite 300
Rancho Santa Margarita, CA 92688
Tel: (949) 622-5572

AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:

*[signature]*

CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:

*Ward Sorensen for*

NARAYAN NAIR, M.D.
Director, Division of Injury Compensation
    Programs (DICP)
Healthcare Systems Bureau
Health Resources and Services Administration
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

ATTORNEY OF RECORD FOR RESPONDENT:

*[signature]*

SARAH C. DUNCAN
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 514-9729

Dated: 12/11/2018

8