# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 16-0763V
### Filed: March 8, 2019
UNPUBLISHED

| | |
|---|---|
| L.B.,<br><br>               Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Lisa Annette Roquemore, Rancho Santa Margarita, CA, for petitioner.*
*Sarah Christina Duncan, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On June 29, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine that she received on October 28, 2013. Petition at 2. On December 11, 2018, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. ECF No. 69.

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On January 3, 2019, petitioner filed a motion for attorneys' fees and costs.  ECF No. 75.  Petitioner requests attorneys' fees in the amount of $88,070.13 and attorneys' costs in the amount of $15,882.25 .  *Id*. at 2.  Additionally, in compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred $2,402.94 in out-of-pocket expenses. Thus, the total amount requested is $106,355.32.

On February 8, 2019, respondent filed a response to petitioner's motion.  ECF No. 79.  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id*. at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id*. at 2.  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id*. at 3.

Petitioner has filed no reply.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

## I.      Legal Standard

The Vaccine Act permits an award of reasonable attorneys' fees and costs.§ 15(e).  Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  *Id*. at 1522.  Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).  A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred."  *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. at 482, 484 (1991).  She "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission."  *Id*. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive,

2

redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

## II.   Attorney Fees

### A.  Administrative Time

Upon review of the billing records submitted, it appears that a number of entries are for tasks considered clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorneys' fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014).  "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). A total of 15.3 hours was billed by paralegals on tasks considered administrative including, receiving & downloading documents, finalizing & preparing PDF's and organizing the client file. Examples of these entries include:

- April 9, 2015  (0.20 hrs) "Set up folder on www.dropbox.com and upload Exhibits 1-8 medical records and email Ms. Rojo the invitation to the share folder.
- January 18, 2016 (0.30 hrs) "Prepare 68 pages of Kaiser Permanente medical records for attorney review ensuring no duplicative records and append to Exhibit 9"
- June 29, 2016 (0.20 hrs) "Prepare service on Respondent"
- August 23, 2016 (0.10 hrs) "Download for attorney review and client discussions Scheduling Order filed August 19, 2016"
- February 23, 2017 (0.10) "Process second PT recommendation document to improve readability"
- March 15, 2017 (0.10) "Create Exhibits in Order file for medical records to send"
- December 3, 2018 (0.10 hrs) "Prepare Settlement Stipulation for USPS Priority Mail to DOJ S. Duncan"

ECF No. 75-2 at 4, 12, 21, 28 and 44.

The undersigned reduces the request for attorney fees by **$2,088.30[3]**, the total amount of entries considered to be administrative.

## III.   Attorney Costs

Petitioner is requesting attorney costs in the amount of $15,882.25, which includes costs for copy charges, medical records, postage and expert costs.  As with

---

[3] This amount consists of 7.7 hours at $135 per hour and 7.6 hours at $138 per hour.

attorneys' fees, a request for reimbursement of costs must be reasonable.  *Perreira v. Sec'y of Health & Human Servs.,* 27 fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd 33 F. 3d 1375 (Fed Circ. 1994).   The undersigned finds a reduction of costs to be appropriate for the reasons listed below.

i.      Helen M. Woodard, M.A.

Petitioner requests a total of $13,319.75 in expert costs to compensate Helen M. Woodard, M.A.  for professional services retained in this case. "Fees for experts are subject to the same reasonableness standard as fees for attorneys." See *Baker v. Sec'y of Health & Human Servs., 99-653V, 2005 WL 589431, at *1 (Fed. Cl. Spec. Mstr. Feb 24, 2005).* The undersigned finds it necessary to reduce petitioner's request for costs regarding Ms. Woodard as it related to travel time, vague and block billing entries.

As has been noted by other Special Masters, Ms. Woodard's billing entries continue to be consistently vague.  *See Desai v. Sec'y of Health & Human Servs.,* No. 14-811V, 2018 WL 6819551, at *8 (Fed. Cl. Spec. Mstr. Nov. 27, 2018); *Nosches v. Sec'y of Health & Human Servs.,* No. 16-1657, (Fed. Cl. Spec. Mstr. March 4, 2019).  In this matter Ms. Woodard billed 13.17 hours across eight entries as "Review Records" and 31.07 hours over 27 entries as "Life care plan research re: costs".  ECF No. 75-9 at 2-6. Entries such as these do not allow the undersigned to assess the actual task or reasonableness of the line entry. Thus, the undersigned reduces the overall amount requested by Ms. Woodard by 10%. This results in a reduction of **$1,388.23**.

Ms. Woodward billed five hours, over two entries that include travel time to meet with the petitioner in her home.  *Id* at 2.  In the Vaccine Program, special masters traditionally have compensated time spent traveling when no other work was being performed at one-half an attorney's hourly rate.  *See Hocraffer v. Sec'y of Health & Human Servs.*, No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); *Rodriguez v. Sec'y of Health & Human Servs.,* No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009); *English v. Sec'y of Health & Human Servs.*, No. 01-61V, 2006 WL 3419805, at *12-13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006).  The travel time was blocked into the same entry as other tasks therefore, the undersigned cannot decipher how much time was spent travel alone.  As Ms. Woodward is held to the same reasonableness as attorneys in the program, the undersigned will reduce the hours billed that include travel time by 50% reducing the request for costs by **$562.50**.

## IV.   Conclusion

Based on the reasonableness of petitioner's request, the undersigned **GRANTS IN PART** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $102,316.29[4] as follows:**

- **A lump sum of $99,913.35, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel,  Lisa A. Roquemore; and**

- **A lump sum of $2,402.94, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner.**

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.